IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DARLA SPENCER<br>　*Plaintiff* | §<br>§<br>§ | |
| v. | §<br>§ | No. 5:21-CV-739 |
| THE GEO GROUP, INC.<br>　*Defendant* | §<br>§<br>§ | |

# NOTICE OF REMOVAL TO FEDERAL COURT

TO THE HONORABLE DISTRICT COURT JUDGE:

NOW COMES The GEO Group, Inc., Defendant in the above styled and numbered cause, and files this Notice of Removal. As grounds for removal, Defendant respectfully shows the following:

1. The GEO Group, Inc. is a Defendant in a civil action pending in the 218th Judicial District Court, Frio County, Texas, styled *Darla Spencer v. The GEO Group, Inc.,* Cause No. 21-07-00213CVF, which was filed in that court on July 8, 2021. The Plaintiff alleges the Defendant's negligence caused her serious bodily injury. She seeks damages between $250,000.00 and $1,000,000.00.

2. Removal is proper because this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of the State of Texas, and The GEO Group, Inc. is a citizen of the State of Florida, the state in which it is incorporated and in which it has its principle place of business. Accordingly, removal is proper under 28 U.S.C. § 1441(a) and (b).

4.     Pursuant to 28 U.S.C. § 1446(a), attached hereto are copies of all process, pleadings and the orders served upon Defendant in the state court proceeding. (Exhibit A).

5.     The action was commenced on July 8, 2021.  Defendant was served on July 19, 2021, and itfiled an answer in the state court on August 3, 2021.

6.     This notice of removal is timely under 28 U.S.C. § 1446(b) because the removal is within thirty (30) days after defendants first accepted service of a copy of a paper from which they could first ascertain that the case is one which is or has become removable. *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 354, 119 S.Ct. 1322, 143 L.Ed.2d 448 (1999) (Removal deadline runs from date of service); *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) (same).

7.     The district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties in that every properly joined defendant is now, and was at the time the action was commenced, diverse in citizenship from every plaintiff.  Plaintiff is, and was at the time the suit was commenced, a citizen of Texas residing therein. Defendant, The GEO Group, Inc., is, and was at the time the suit was commenced, a citizen of the State of Florida, the state in which it is incorporated and in which it has its principle place of business.  Accordingly, no properly joined defendant is a citizen of the State of Texas, and the parties are completely diverse. Plaintiff's petition, attached, asserts a claim against Defendant in excess of $75,000.00,

exclusive of interest and costs; therefore, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

6. Venue is proper in the United States District Court, Western District of Texas, San Antonio Division, as the district and division embracing the place where the state action is pending. 28 U.S.C. §§ 1441(a), 1446(a).

8. Pursuant to 28 U.S.C. § 1446(d), Defendant intends to serve written notice of this removal upon all interested and adverse parties and upon the Clerk of the Court for the 218th Judicial District Court of the State of Texas, Frio County, Texas, promptly after filing this Notice of Removal.

9. The GEO Group, Inc. is the sole defendant. Accordingly, there are no other defendants, properly joined and served, to join in or consent to the removal of the action. 28 U.S.C. § 1446(b)(2)(A).

WHEREFORE, PREMISES CONSIDERED, The GEO Group, Inc., the Defendant in this action, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes the case styled *Darla Spencer v. The GEO Group, Inc.,* Cause No. 21-07-00213CVF, pending in the 218th Judicial District Court, Frio County, Texas, on this 4th day of August, 2021.

Respectfully Submitted,

_____
SHAWN FITZPATRICK
State Bar No. 00787474
FITZPATRICK & KOSANOVICH, P.C.
P.O. Box 831121
San Antonio, Texas 78283
(210) 408-6793
skf @ fitzkoslaw.com
*ATTORNEY FOR DEFENDANT*

## CERTIFICATE OF SERVICE

I hereby certify service of a true and correct copy of the foregoing instrument on the following interested person(s) on August 4, 2021, via email at the addresses indicated:

Alex Aguirre
118 E. Ashby Place
San Antonio, Texas 78212
(210) 922-0808
aaguirre@aguirrelawpllc.com
and Andrea De La Garza
adelagarza@aguirrelawpllc.com

_____
SHAWN FITZPATRICK

# Exhibit A



**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

| | |
|---|---|
| The GEO Group, Inc.<br>Joseph Negron SVP & General Counsel<br>The GEO Group, Inc.<br>4955 Technology Way<br>Boca Raton FL 33431 | 07/20/2021 |

# SERVICE OF PROCESS NOTICE

The following is a courtesy summary of the enclosed document(s).  **ALL information should be verified by you.**

Item: 2021-384

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | The GEO Group, Inc. |
| 2. | **Title of Action:** | Darla Spencer vs. The GEO Group, Inc. |
| 3. | **Document(s) Served:** | Citation<br>Request for Service<br>Plaintiff's Original Petition, Jury Demand, and Required Disclosure<br>Request for Disclosure |
| 4. | **Court/Agency:** | Frio County 81st/218th District Court |
| 5. | **State Served:** | Texas |
| 6. | **Case Number:** | 21-07-00213CVF |
| 7. | **Case Type:** | Negligence/Personal Injury |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Monday 07/19/2021 |
| 10. | **Date to Client:** | Tuesday 07/20/2021 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | See Notes   **CAUTION:** Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>(Name, City, State, and Phone Number) | Alex Aguirre<br>San Antonio, TX<br>210-922-0808 |
| 13. | **Shipped To Client By:** | Email Only with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 441 |
| 16. | **Notes:** | Please note the answer is due by 10:00am on the Monday next following the expiration of twenty (20) days after service. |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process.  To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective.  It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

Delivered On 7/19/2021

## CITATION
## THE STATE OF TEXAS:
### Cause No: 21-07-00213CVF

DARLA SPENCER  
VS.  
THE GEO GROUP, INC.

IN THE 81ST / 218TH DISTRICT COURT  
OF FRIO COUNTY, TEXAS

TO: THE GEO GROUP, INC., 5444 WESTHEIMER #1000, HOUSTON, TX 77056  
Defendant – GREETINGS:

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of 20 days after the date you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosure to the other parties of this suit. These disclosures generally must be made no later than 20 days after you file your answer with the clerk. Find out more at TexasLawHelp.org" TRCP.99

You are hereby commanded to appear by filing a written answer to the Plaintiff's PLANTIFF'S ORIGINAL PETITION at or before 10:00 A.M. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable 218TH DISTRICT COURT of Frio County, at the Courthouse in said County in Pearsall, Texas. Said Plaintiff's PLANTIFF'S ORIGINAL PETITION was filed in said court on the 8th day of July, 2021 in the above entitled cause.

The nature of Plaintiff's demand is fully shown by a true and correct copy of PLANTIFF'S ORIGINAL PETITION accompanying this citation and made a part hereof.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF SAID COURT AT Pearsall, Texas 78061, ON THIS THE 8th day of July, 2021.

**ATTORNEY REQUESTING:**  
ALEX AGUIRRE  
118 E. ASHBY Pl  
SAN ANTONIO, TEXAS 78212  
210-922-0808 TEL  
STATE BAR NO. 24012194

Ofilia M. Trevino, District Clerk  
81ST/218TH DISTRICT COURT  
Frio County  
500 East San Antonio St. Box 8  
Pearsall, Texas 78061

BY_____  
(LUPE ESCUIVEL, DEPUTY)

## OFFICER'S RETURN

Came to hand the _____ o'clock _____ M. on the _____ day of _____ 20___ and executed the _____ day of _____ 20___, by delivering to _____ in person a true copy of this citation with a copy of the petition attached thereto on the _____ day of _____ 20___ at _____ o'clock _____ M. at _____ in _____ County, Texas.

( ) Not executed. The diligence used in finding defendant being _____

( ) Information received as to the whereabouts of defendant being _____

FEE:

$ _____

_____  
SHERIFF/ CONSTABLE/ PRIVATE SERVICE  
_____ County, Texas  
_____ Deputy

# REQUEST FOR SERVICE

Pronto Process
1406 W Salinas
San Antonio, TX 78207
Phone: (210) 226-7192
Fax: (210) 224-9021

7/15/2021

**Our Job: 2021007377**

BAY OAKS PROCESS
BAY OAKS PROCESS
P O BOX 5703
PASADENA, TX 77508

Server's Phone: (281) 815-0191

## PRIORITY: Routine

## ACTION: Serve

**CASE INFO:**
Case Number: 21-07-00213CVF
Plaintiff:
DARLA SPENCER
vs.
Defendant:
THE GEO GROUP, INC.

**DOCUMENTS: CITATION / PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUIRED DISCLOSURE**

SERVE: The Geo Group, Inc may be served through its registered agent, Corporate Creations Network Inc
5444 WESTHEIMER
#1000
HOUSTON, TX 77056

## SERVICE MUST BE MADE IN THE MANNER MARKED BELOW

**( X ) Corporate** - By delivering a true copy to the within named corporation. Must be served in compliance with State Statutes. Texas Corporations: ANY Vice President, President, or Registered agent. NO SERVICE ON SUNDAYS ALLOWED.

*****REMINDER******

PROVIDE ALL UPDATES VIA EMAIL TO OFFICE@PRONTOPROCESS.COM

No unauthorized fees will be paid without approval from our office

We generate our own affidavits. Please SCAN US A COPY. Originals needed upon request only.

Please contact us before job closure.

**SPECIAL INSTRUCTIONS:**

**Total Fee for Services Rendered Should Not Exceed $60 without Prior Authorization!**

Case 5:21-cv-00739 Document 1 Filed 08/04/21 Page 9 of 18

Filed 7/8/2021 3:42 I
Ofilia M. Trev
District Cl
Frio County, Te)

Lupe Esqui

**21-07-00213CVF**

CAUSE NO. _____

| | | |
|---|---|---|
| **DARLA SPENCER,** | § | **IN THE DISTRICT COURT** |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | _____ **JUDICIAL DISTRICT** |
| | § | |
| **THE GEO GROUP, INC.** | § | |
| **Defendant.** | § | **FRIO COUNTY, TEXAS** |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUIRED DISCLOSURE**

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Darla Spencer ("Plaintiff"), complaining of Defendant, The GEO Group, Inc., and for a cause of action would respectfully show unto the Court as follows:

**I.**

**PARTIES**

Plaintiff, Darla Spencer, is a resident of the state of Texas. She currently resides in Texas and has resided there at all times material to this lawsuit.

Defendant, The GEO Group, Inc., is a foreign for-profit company doing business in Frio County, Texas. Its registered address is 621 NW 53rd St. Suite 700, Boca Raton, FL 33487. It may be served through its registered agent, Corporate Creations Network Inc., at 5444 Westheimer #1000, Houston, TX 77056 via private process.

**II.**

**JURISDICTION AND VENUE**

This Court has personal jurisdiction, both specific and general, over Defendant because it does business in Texas. Additionally, Plaintiff's cause of action arose in Texas. Venue is proper in Frio County because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Frio County. Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

1

III.

## DISCOVERY

*Discovery Control Plan.* Pursuant to the Texas Rules of Civil Procedure, Discovery Control Plan Level Three (3) governs this lawsuit.

IV.

## MISNOMER AND ALTER EGO

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice. In the event that the true parties are misidentified, Plaintiff hereby assert reliance upon the doctrine of misidentification.

V.

## FACTS

On or about March 1, 2020, Plaintiff was working as a registered nurse for STG International, Inc. at the South Texas I.C.E. Processing Center in Pearsall, Texas. At all relevant times, the facility was operated by The GEO Group, Inc. Plaintiff was walking through a hallway within the Medical Housing Unit when she slipped and fell on wet flooring. The wet floor and dangerous condition was created by a GEO officer who admitted to his error. No warning signs were in place. As a result of the fall, Plaintiff suffered serious injuries including, but not limited to, a broken right ankle, an injured left shoulder, constant back and neck pain.

Plaintiff was an invitee to whom Defendant owed a duty to use a reasonable degree of care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of its existence. The slippery floor, created by Defendant, constituted a

condition which Defendant knew or in the exercise of reasonable care should have known constituted a dangerous condition. Defendant failed to rectify the dangerous condition, failed to maintain the area where the injuries occurred in a safe manner, and failed to warn Plaintiff and those similarly situated of the dangerous condition, all of which, either singularly or collectively, caused the occurrence in question and Plaintiff's resulting injuries. As a result of said incident, Plaintiff was caused to suffer serious and permanent bodily injuries.

## VI.

### DEFENDANT'S NEGLIGENT ACTS AND FAILURES TO ACT

Defendant was negligent in one or more of the following particulars:

1. In creating the dangerous condition, namely, the wet floor that was slippery, while employees were still in the vicinity of the dangerous condition;

2. In failing to properly inspect the premises in order to find dangerous conditions and defects that existed on the premises, such as the wet floor, that caused Plaintiff to fall and be injured;

3. In failing to barricade or separate the area where the floor was slippery; and

4. In failing to warn employees of the dangerous condition; namely, the wet floor that was slippery.

Plaintiff alleges that the foregoing acts and/or omissions on the part of Defendant constituted negligence which was and is a direct and proximate result of the injuries and damages sustained by Plaintiff.

## VII.

### JURY DEMAND

Plaintiff demands a jury on all issues triable. She has tendered the appropriate fee.

## VIII.

### COMPENSATORY DAMAGES

3

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered and incurred the following damages:

    A.    Reasonable medical care and expenses in the past;

    B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C.    Physical pain and suffering in the past;

    D.    Physical pain and suffering in the future;

    E.    Physical impairment in the past;

    F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

    G.    Loss of earnings in the past;

    H.    Loss of earning capacity which will, in all probability, be incurred in the future;

    I.    Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

    J.    Disfigurement in the past;

    K.    Disfigurement in the future;

    L.    Mental anguish in the past;

    M.    Mental anguish in the future; and

    N.    Cost of medical monitoring and prevention in the future.

Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred fifty thousand dollars ($250,000.00) but not more than one million dollars ($1,000,000.00).

**IX.**

## REQUIRED DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within thirty (30) days after the filing of the first answer or general appearance, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PRAYER

**PREMISES CONSIDERED**, Plaintiff, respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE AGUIRRE LAW FIRM, PLLC**
118 E. Ashby Pl.
San Antonio, Texas 78212
210.922.0808 t
210.922.0813 f

**ALEX AGUIRRE**
Texas Bar No. 24012194
aaguirre@aguirrelawpllc.com
**ANDREA DE LA GARZA**
Texas Bar No. 24077955
adelagarza@aguirrelawpllc.com

Case 5:21-cv-00739   Document 1   Filed 08/04/21   Page 14 of 18

Filed 8/4/2021 11:40 AM
Ofilia M. Trevino
District Clerk
Frio County, Texas
Stephanie Salazar

21-07-00213CVF

CAUSE NO 21-07-00213CVF

| | | |
|---|---|---|
| DARLA SPENCER | § | IN THE DISTRICT COURT |
| *Plaintiff* | § | |
| | § | |
| v. | § | 218TH JUDICIAL DISTRICT |
| | § | |
| THE GEO GROUP, INC. | § | |
| *Defendant* | § | FRIO COUNTY, TEXAS |

## THE GEO GROUP, INC.'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES The GEO Group, Inc., Defendant, and files this original answer to *Plaintiffs' Original Petition* and would show:

1. For the purpose of requiring Plaintiff to meet her burden of proof, Defendant denies each and every allegation contained in *Plaintiffs' Original Petition*, except as admitted herein. Tex. R. Civ. P. 92

2. Defendant admits that: 1) Plaintiff is a Texas resident; 2) the events giving rise to this action occurred in Frio County; 3) GEO is a Florida corporation whose address, domicile and principal place of business is 621 NW 53rd Street, Suite 700, Boca Raton, Florida 33487, and; 4) GEO may be (and has been) served through its registered agent, Corporate Creations Network, Inc. as alleged in Paragraph I of *Plaintiffs' Original Petition*.

3. Defendant admits venue is proper in Frio County and that the court has jurisdiction over Plaintiff's claims, as alleged in Paragraph II of *Plaintiffs' Original Petition*.

4. Defendant denies discovery should proceed under Discovery Control Plan Level Three as alleged in Paragraph III of *Plaintiff's Original Petition.*

5. Defendant admits that: 1) Plaintiff was working as a nurse and was injured in a fall on the premises of the South Texas ICE Processing Center; 2) GEO operated the South Texas ICE Processing Center in Pearsall, Texas, as alleged in Paragraph V of *Plaintiff's Original* Petition. Defendant denies it failed to rectify, maintain, or failed to warn of an unreasonably dangerous property condition of which it was or should have been aware and denies the balance of allegations in Paragraph V.

6. Defendant denies the matters alleged in Paragraph VI of *Plaintiffs' Original Petition*.

7. Defendant denies Plaintiffs are entitled to recover as alleged in Paragraph VIII of *Plaintiffs' Original Petition*.

8. GEO asserts its right to rely on and inure to the qualified, good faith, or official immunity of its employees acting in the course and scope of their employment. GEO is entitled to governmental and/or sovereign immunity to the extent Plaintiffs' causes arose in the course of Defendants' fulfillment of a governmental function or contract.

9. Defendant denies it had any duty to Plaintiff.

10. The facts may show Plaintiff's conduct was the proximate and producing cause of her injuries; Defendants specifically invoke Texas's proportionate responsibility scheme as set forth in Chapter 33 of the Texas Civil Practice & Remedies Code. Defendant further asserts the right to designate other parties who are responsible for any damages

Plaintiff alleges or proves. Defendant requests the finder of fact to compare the extent to which it, Plaintiff, and any other persons, whether joined as parties in this suit or not, may have caused or contributed to cause any damages complained of by Plaintiff.

11. Defendant denies that any Plaintiff is entitled to any damages of any type, but in the alternative pleads any and all limitations and caps on damages that may apply to Plaintiff's causes of action. This assertion and pleading includes, but is not limited to, any and all caps, bars and limitations set forth under Tex. Civ.& Rem. Code §32.001-§32.003, §33.001-§33.004, §33.011-§33.017, §41.001-§41.013, §74.301-§74.303, §74.501-§74.507.

12. Defendant denies that any Plaintiff is entitled to future damages. However, to the extent that Plaintiff may recover future damages, Defendant asserts that any such damages must be reduced to present value.

13. Defendants pleads that any claim for economic loss (including but not limited to, loss of earnings, earning capacity, medical expenses, contributions of a pecuniary value, inheritance, or other pecuniary losses) is governed by the limitations and provisions set forth in the Tex. Civ, Prac. & Rem. Code §18.091.

14. Defendant pleads that medical or healthcare expenses and all other economic damages are limited to the amounts actually paid or incurred pursuant to the Tex. Civ. Prac. & Rem. Code §41.0105.

15. Defendants plead the applicability of the entirety of Chapter 41 of the Texas Civil Practice and Remedies Code to any award of damages that might issue in this case,

GEO's Original Answer
*Spencer v. GEO*
Page 3

specifically including, but in no way limited by way of enumeration, to the standards of proof set forth therein, the requirement of the unanimity of the jury regarding finding liability and amount of damages, and the limitations on damages or caps set forth in the chapter.

16. GEO denies it is liable for any injury or damage caused by its employee's acts or omissions for which its employee would be entitled to immunity, be it official, qualified, or known by any other name.

WHEREFORE, PREMISES CONSIDERED, Defendant prays that Plaintiff take nothing by way of this suit and that Defendant go hence and recover its costs in defense of this cause, and for such further relief, at law or in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

_____
Shawn Fitzpatrick
SBN 00787474
FITZPATRICK & KOSANOVICH, P.C.
PO Box 831121
San Antonio, Texas 78283-1121
(210) 408-6793
skf@ fitzkoslaw.com
Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify service of a true and correct copy of this instrument on the following counsel on the 4th day of August, 2021, via the Court's electronic notice and filing system:

Alex Aguirre
118 E. Ashby Place
San Antonio, Texas 78212
(210) 922-0808
aaguirre@aguirrelawpllc.com
and Andrea De La Garza
adelagarza@aguirrelawpllc.com

_____
SHAWN FITZPATRICK