# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIODIVISION

| | | |
|---|---|---|
| DARLA SPENCER, | § | |
| *Plaintiff* | § | |
| | § | |
| v. | § | Case No.  SA-21-CA-00739-XR |
| | § | |
| THE GEO GROUP, INC., | § | |
| *Defendant* | § | |

## <u>ORDER AND ADVISORY</u>

It is ORDERED that the Plaintiff(s) confer with the Defendant(s) as required by Fed. R. Civ. P 26(f) to submit (1) a proposed scheduling order and (2) a Rule 26(f) Report in the formats shown in the attached documents for the Court's consideration by **September 6, 2021**.  Failure to do so may result in the Court's entering its own scheduling order.

After receipt of the Proposed Scheduling Order and Rule 26(f) Report, the Court will issue an Order setting an Initial Pre-Trial Conference pursuant to Fed. R. Civ. P. 16.

At the request of the Bar, the San Antonio District Judges have implemented a procedure whereby a Magistrate Judge is assigned to each civil case at the time it is filed.  The assignments are made randomly and are evenly divided among the three San Antonio Magistrate Judges.  If a pretrial matter is referred by the District Judge, it will be handled by the Magistrate Judge to whom the case was assigned.  Similarly, if the parties consent to Magistrate Judge jurisdiction, the case will be placed on the docket of the assigned Magistrate Judge for all future proceedings, including entry of final judgment.  28 U.S.C. § 636(c).  The Magistrate Judge assigned to this case is Richard B. Farrer.

So that this Court may more efficiently manage its docket, the parties are hereby ORDERED to notify the Court whether or not they consent, under 28 U.S.C. § 636(c), to

Magistrate Judge jurisdiction.  Therefore, within thirty (30) days of the date of the filing of this

Order, each party shall sign the appropriate election form to be filed with the Clerk's Office (see

attached).

SIGNED this August 6, 2021.

XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

DARLA SPENCER

v.

THE CEO GROUP, INC.

§
§
§
§
§
§
§
§

CIVIL NO. 5:21-cv-739-XR

### PLAINTIFF'S ADVISORY TO THE CLERK OF COURT

Plaintiff in the above-captioned case elects as follows (please select only one of the following options):

☐ I consent to proceed before a United States Magistrate Judge in accordance with provisions of Title 28 U.S.C. Section 636. Plaintiff in the above-captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment. Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with Title 28 U.S.C. Section 636(c)(3).

☐ I do **not** consent to proceed before a United States Magistrate Judge. Plaintiff in the above-captioned case elects **not** to have this case decided by a United States Magistrate Judge and prefers that this case proceed before the United States District Judge.

_____
Plaintiff's Name

By: _____
Signed by Attorney

Date

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

DARLA SPENCER

v.

THE CEO GROUP, INC.

§
§
§
§
§
§
§

CIVIL NO. 5:21-cv-739-XR

**<u>DEFENDANT'S ADVISORY TO THE CLERK OF COURT</u>**

   Defendant in the above-captioned case elects as follows (please select only one of the following options):

☐ <u>I consent to proceed before a United States Magistrate Judge in accordance with provisions of Title 28 U.S.C. Section 636.</u>  Defendant in the above-captioned case waives the right to proceed before a United States District Judge and consents to have a United States Magistrate Judge conduct any and all further proceedings in this case, including rendering a decision, and to order the entry of final judgment.  Any appeal shall be taken to the United States Court of Appeals for the Fifth Circuit in accordance with Title 28 U.S.C. Section 636(c)(3).

☐ <u>I do **not** consent to proceed before a United States Magistrate Judge</u>.  Defendant in the above-captioned case elects **not** to have this case decided by a United States Magistrate Judge and prefers that this case proceed before the United States District Judge.

_____
   Defendant's Name

By: _____
   Signed by Attorney

                 Date

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

DARLA SPENCER       §
             §
             §
v.             §    CIVIL NO. 5:21-cv-739-XR
             §
             §
THE CEO GROUP, INC.     §

## AGREED[1] SCHEDULING RECOMMENDATIONS

The parties recommend that the following deadlines be entered in the scheduling order to control the course of this case:

## MOTIONS FOR LEAVE TO AMEND PLEADINGS.

The deadline for Plaintiff(s) to file a motion seeking leave to amend pleadings; or to join parties is _____.[2]

The deadline for Defendant(s) to file a motion (1) to designate responsible third parties, pursuant to Texas Civil Practices & Remedies Code § 33.004(a); (2) seeking leave to amend pleadings; or (3) to join parties is _____.[3]

## EXPERTS

All parties asserting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before _____.[4]

Parties resisting claims for relief shall file their designation of testifying experts and serve on all parties, but not file, the materials required by Fed. R. Civ. P. 26(a)(2)(B) on or before _____.[5]

---

1 This document should generally be filed as an agreed upon recommendation.  If any party cannot agree to certain deadline, that party should indicate with specificity why a dispute exists as to the appropriate deadline.
2 Generally 60 days from date of this order.
3 Generally 75 days from date of this order.
4 Generally 90 days from date of this order.
5 Generally 120 days from date of this order.

All parties shall file all designations of rebuttal experts and serve on all parties the material required by Fed. R. of Civ. P. 26(a)(2)(B) for such rebuttal experts, to the extent not already served, within fifteen (15) days of receipt of the report of the opposing expert.

An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within eleven (11) days from the receipt of the written report of the expert's proposed testimony, or within eleven (11) days from obtaining a copy of the expert's deposition, if a deposition is taken, whichever is later.

The deadline for filing supplemental reports required under Fed. R. Civ. P. 26(e) is _____.

## WITNESS LIST, EXHIBIT LIST, AND PRETRIAL DISCLOSURES

The deadline for filing Rule 26(a)(3) disclosures is _____.

The deadline for filing objections under Rule (26)(a)(3) is _____.   Any objections not made will be deemed waived.

## COMPLETION OF DISCOVERY

Written discovery requests are not timely if they are filed so close to this deadline that under the Federal Rules of Civil Procedure the response would not be due until after the deadline.

The deadline for the completion of all discovery is _____.[6]

## ALTERNATIVE DISPUTE RESOLUTION (ADR) REPORT

A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before _____.

The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before _____, and each opposing party shall respond, in writing on or before _____.

All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and response as the Court will use these in assessing attorneys' fees and costs at the conclusion of the proceedings.

If a settlement is reached, the parties should immediately notify the Court so the case may be removed from the Court's trial docket.

---

6 Generally 180 days from date of this order.

**PRETRIAL MOTIONS**

No motion (other than a motion in limine) may be filed after this date except for good cause. The deadline to file motions (including dispositive motions and Daubert motions) is _____. [7] This deadline is also applicable to the filing of any summary judgment motion under Fed. R. Civ. P. 56 and any defense of qualified immunity. Leave of court is automatically given to file motions, responses, and replies not to exceed 30 pages in length.[8] Fed. R. Civ. P. 6(d) does not apply to the time limits set forth in Local Rule CV-7 for responses and replies to motions.

**JOINT PRETRIAL ORDER AND MOTION IN LIMINE**

The deadline to file a Final Joint Pretrial Order and any motion in limine is _____.

All attorneys are responsible for preparing the Final Joint Pretrial Order, which must contain the following:

(1) a short statement identifying the Court's jurisdiction. If there is an unresolved jurisdictional question, state it;

(2) a brief statement of the case, one that the judge could read to the jury panel for an introduction to the facts and parties;

(3) a summary of the remaining claims and defenses of each party;

(4) a list of facts all parties have reached agreement upon;

(5) a list of contested issues of fact;

(6) a list of the legal propositions that are not in dispute;

(7) a list of contested issues of law;

(8) a list of all exhibits expected to be offered. Counsel will make all exhibits available for examination by opposing counsel. All documentary exhibits must be exchanged before the final pre-trial conference. The exhibit list should clearly reflect whether a particular exhibit is objected to or whether there are no objections to the exhibit;

(9) a list of the names and addresses of witnesses who may be called with a brief statement of the nature of their testimony;

(10) an estimate of the length of trial;

---

7 This date should not be any later than 90 days before the case is scheduled for trial in order to allow the Court adequate time to rule.

8 This supersedes the page limit specified in TXWD Local Rules CV-7(d)-(f).

(11) for a jury trial, include (a) proposed questions for the voir dire examination, and (b) a proposed charge, including instructions, definitions, and special interrogatories, with authority;

(12) for a nonjury trial, include (a) proposed findings of fact and (b) proposed conclusions of law, with authority;

(13) the signatures of all attorneys; and

(14) a place for the date and the signature of the presiding judge.

**FINAL PRETRIAL CONFERENCE**

The Final Pretrial Conference shall be held on [THIS DATE WILL BE COMPLETED BY THE COURT] _____.

Motions in limine, if any, will be heard on this date. Counsel should confer prior to this hearing on any issues raised in a motion in limine or the Joint Pretrial Order. Any party intending to use a demonstrative exhibit should provide the same to opposing counsel at least 3 days prior to the Final Pretrial conference so that if any objections or issues are raised about the demonstrative exhibit, they can be addressed at the final pretrial conference.

**TRIAL**

The Trial Date is [PARTIES MAY SUGGEST A TRIAL DATE.  IT IS RECOMMENDED THAT THE PARTIES CONTACT THE COURTROOM DEPUTY TO DETERMINE AVAILABILITY ON THE COURT CALENDAR] _____.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

DARLA SPENCER

v.

THE CEO GROUP, INC.

§
§
§
§
§
§
§
§

CIVIL NO. 5:21-cv-739-XR

**JOINT FED. R. CIV. P. 26 REPORT**

1. Are there any outstanding jurisdictional issues?  For removed cases based on diversity jurisdiction, do the parties agree that the amount in controversy exceeded $75,000 at the time of removal?  If not, each party should state its position on the amount in controversy.

2. Are there any unserved parties?  If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?

3. What are the causes of action, defenses, and counterclaims in this case?  What are the elements of the cause(s) of action, defenses, and counterclaims pled?

4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?

5. State the parties' views and proposals on all items identified in Fed. R. Civ. P. 26(f)(3).

6. What, if any, discovery has been completed?  What discovery remains to be done?  Have the parties considered conducting discovery in phases?

7. What, if any, discovery disputes exist?

8. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule of Evidence 502?

9. Have the parties discussed mediation?