**FILED**

May 19, 2022

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____NM_____

DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DARLA SPENCER, | § | |
| Plaintiff | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:21-CV-739 RBF |
| | § | |
| | § | |
| THE GEO GROUP, INC. | § | |
| Defendant | § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW** Darla Spencer ("Plaintiff"), complaining of Defendant, The GEO Group, Inc., and for a cause of action would respectfully show unto the Court as follows:

### I.

### PARTIES

Plaintiff, Darla Spencer, is a resident of the state of Texas. She currently resides in Texas and has resided there at all times material to this lawsuit.

Defendant, The GEO Group, Inc., is a foreign for-profit company doing business in Frio County, Texas. Its registered address is 621 NW 53rd St. Suite 700, Boca Raton, FL 33487. It may be served through its registered agent, Corporate Creations Network Inc., at 5444 Westheimer #1000, Houston, TX 77056 via private process.

### II.

### JURISDICTION AND VENUE

This Court has personal jurisdiction, both specific and general, over Defendant because it does business in Texas. Additionally, Plaintiff's cause of action arose in Texas. Venue is proper

1

# EXHIBIT 1

in Frio County because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in Frio County.  Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

## III.

## DISCOVERY

*Discovery Control Plan.* Pursuant to the Texas Rules of Civil Procedure, Discovery Control Plan Level Three (3) governs this lawsuit.

## IV.

## MISNOMER AND ALTER EGO

In the event any parties are misnamed or not included herein, it is Plaintiff's contention that such was a "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.  In the event that the true parties are misidentified, Plaintiff hereby assert reliance upon the doctrine of misidentification.

## V.

## FACTS

On or about March 1, 2020, Plaintiff was working as a registered nurse for STG International, Inc. at the South Texas I.C.E. Processing Center in Pearsall, Texas.  At all relevant times, the facility was operated by The GEO Group, Inc. Plaintiff was walking through a hallway within the Medical Housing Unit when she slipped and fell on wet flooring.  The wet floor and dangerous condition was created by a GEO officer who admitted to his error. No warning signs were in place. As a result of the fall, Plaintiff suffered serious injuries including, but not limited to, a broken right ankle, an injured left shoulder, constant back and neck pain.

2

Plaintiff was an invitee to whom Defendant owed a duty to use a reasonable degree of care, including the duty to protect and safeguard Plaintiff from unreasonably dangerous conditions on the premises or to warn of its existence. The slippery floor, created by Defendant, constituted a condition which Defendant knew or in the exercise of reasonable care should have known constituted a dangerous condition. Defendant failed to rectify the dangerous condition, failed to maintain the area where the injuries occurred in a safe manner, and failed to warn Plaintiff and those similarly situated of the dangerous condition, all of which, either singularly or collectively, caused the occurrence in question and Plaintiff's resulting injuries. As a result of said incident, Plaintiff was caused to suffer serious and permanent bodily injuries.

## VI.

### **DEFENDANT'S NEGLIGENT ACTS AND FAILURES TO ACT**

Defendant was negligent in one or more of the following particulars:

1. In creating the dangerous condition, namely, the wet floor that was slippery, while employees were still in the vicinity of the dangerous condition;

2. In failing to properly inspect the premises in order to find dangerous conditions and defects that existed on the premises, such as the wet floor, that caused Plaintiff to fall and be injured;

3. In failing to barricade or separate the area where the floor was slippery; and

4. In failing to warn employees of the dangerous condition; namely, the wet floor that was slippery.

Plaintiff alleges that the foregoing acts and/or omissions on the part of Defendant constituted negligence which was and is a direct and proximate result of the injuries and damages sustained by Plaintiff.

## VII.

### **JURY DEMAND**

3

Plaintiff demands a jury on all issues triable.  She has tendered the appropriate fee.

## VIII.

## COMPENSATORY DAMAGES

As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff suffered and incurred the following damages:

A.    Reasonable medical care and expenses in the past;

B.    Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

C.    Physical pain and suffering in the past;

D.    Physical pain and suffering in the future;

E.    Physical impairment in the past;

F.    Physical impairment which, in all reasonable probability, will be suffered in the future;

G.    Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

H.    Disfigurement in the past;

I.    Disfigurement in the future;

J.    Mental anguish in the past;

K.    Mental anguish in the future; and

L.    Cost of medical monitoring and prevention in the future.

Plaintiff has suffered damages in an amount within the jurisdictional limits of this Court. Pursuant to Rule 47 of the Texas Rules of Civil Procedure, Plaintiff in good faith pleads the value of this case is over two hundred fifty thousand dollars ($250,000.00) but not more than one million dollars ($1,000,000.00).

4

## IX.

## REQUIRED DISCLOSURE

Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendant is required to disclose, within thirty (30) days after the filing of the first answer or general appearance, the information described in Rule 194.2 of the Texas Rules of Civil Procedure.

## PRAYER

**PREMISES CONSIDERED**, Plaintiff, respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**THE AGUIRRE LAW FIRM, PLLC**
118 E. Ashby Pl.
San Antonio, Texas 78212
210.922.0808 t
210.922.0813 f

**ALEX AGUIRRE**
Texas Bar No. 24012194
aaguirre@aguirrelawpllc.com
**ANDREA DE LA GARZA**
Texas Bar No. 24077955
adelagarza@aguirrelawpllc.com

5

## CERTIFICATE OF SERVICE

I certify that on May 4, 2022 this document has been electronically served to counsel listed below.

Shawn Fitzpatrick
FITZPATRICK & KOSANOVICH, PC
PO Box 831121
San Antonio, Texas 78383
**ATTORNEY FOR DEFENDANT**
**THE GEO GROUP, INC.**

_____
ALEX AGUIRRE

6